UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS CABAN (05-A-0833)

                Plaintiff,

  -vs-

C.O. ADAM BLANAR,
C.O. GLORIA L. BARLOW HARPER,
C.O. TERRANCE McCANN,
C.O. JAMES R. MEYERS, and
SARGENT JOHNATHAN KRUGER,

                Defendants.

**14-CV-0613**

STIPULATION OF
SETTLEMENT AND
DISCONTINUANCE
PURSUANT TO R. 41(A)

---

      WHEREAS, plaintiff, Luis Caban (DIN 05-A-0833), filed an Amended Complaint on or about February 1, 2016, alleging that defendants had violated plaintiff's rights during plaintiff's incarceration in the New York State Department of Corrections and Community Supervision system; and

      WHEREAS, defendants answered the complaint and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

      WHEREAS, the parties are interested in resolving the issues alleged in the complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

      WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

      WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-

entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

WHEREAS, the Department of Corrections and Community Supervision, as the Department having supervision of defendants, Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger, alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, defendants Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, plaintiff and the attorney of record for defendants in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action is hereby settled upon payment of the sum of _nine thousand nine hundred & fifty_ dollars ($ _9,950_ .00) and is discontinued with prejudice as to all defendants. Payment shall be made in a check payable to plaintiff and mailed to plaintiff's address at Clinton Correctional Facility, 1156 Cook Street, Dannemora, NY 12929.

2. In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants, Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger, and any and all current or

LC

former employees of the Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the Department of Corrections and Community Supervision, and any of its agents and assigns, from any and all claims, liabilities and causes of action from the beginning of the world to the execution of this agreement, including but not limited to the circumstances set forth in the complaint in the above-entitled action, (i.e. claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability).

3. In further consideration of the payment of the sum(s) set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants and any and all current of former employees of the Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the Department of Corrections and Community Supervision, and any of its agents and assigns, from any and all claims, known or unknown, arising out of the plaintiff(s) Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiff agrees to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court

LC

and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required herein, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff(s).

7. That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8. That nothing contained herein shall constitute an admission by defendants Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger, individually or in their official capacity, that defendants deprived the plaintiff, Luis Caban, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

10. Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

11. That plaintiff agrees that the defendants Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger, the Department of Corrections and Community Supervision, and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that plaintiff Luis Caban agrees that he will defend, indemnify and hold harmless the defendants Officer Gloria Barlow-Harper, Officer Terrance McCann, Officer Adam Blanar, Officer James Myers, and Sargent Johnathan Kruger, the Department of Corrections and Community Supervision, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

12. In confirmation of the agreement herein, plaintiff and the undersigned attorney for defendants to this action set their signatures below.

Dated: Dannemora, New York
September 2, 2016

Luis Caban
Plaintiff, *pro se*
Clinton Correctional Facility
1156 Cook Street
Dannemora, New York 12929

By: /s/ Luis Caban
Luis Caban

Dated: Dannemora, New York
       September 2, 2016

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the
                                         State of New York
                                      Attorney for the Defendants
                                      New York State Office of the
                                         Attorney General
                                      350 Main Street, Suite 300A
                                      Buffalo, NY 14202
                                      Telephone: (716) 853-8440
                                      *Ryan.Belka@ag.ny.gov*

By: _____
                                       Ryan L. Belka
                                       Assistant Attorney General


Dated: Buffalo, New York
      _____ ___, 2016


SO ORDERED:

                                       _____
                                       Hon. Leslie G. Foschio
                                       United States Magistrate Judge

TRIBUNAL DEL DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO OESTE DE NUEVA YORK

---

LUIS CABAN (05-A-0833)

      Demandante,

 -contra-

C.O. ADAM BLANAR,
C.O. GLORIA L. BARLOW HARPER,
C.O. TERRANCE McCANN,
C.O. JAMES R. MEYERS, y
SARGENTO JOHNATHAN KRUGER,

      Acusados.

14-CV-0613

ESTIPULACIÓN DE
CONCILIACIÓN Y
CANCELACIÓN
EN VIRTUD DE R. 41(A)

---

  CONSIDERANDO QUE, el demandante, Luis Caban (DIN 05-A-0833), presentó una demanda enmendada aproximadamente el 1 de febrero de 2016, alegando que los acusados habían violado los derechos del demandante durante su encarcelamiento en el Departamento de Corrección y Sistema de Supervisión de la Comunidad del estado de Nueva York; y

  CONSIDERANDO QUE, los acusados respondieron la demanda y negaron todas las acusaciones de que su conducta haya violado los derechos constitucionales u otros derechos del demandante; y

  CONSIDERANDO QUE, las partes están interesadas en la resolución de los problemas alegados en la demanda respecto a las acciones legales anteriormente mencionadas ("Acción"), y han negociado de buena fe para tal fin; y

  CONSIDERANDO QUE, las partes han acordado formalizar un acuerdo con respecto a estas acciones legales de conformidad con lo dispuesto en la Regulación 41(a) de las Regulaciones Federales de Procedimiento Civil; y

1

LC.

CONSIDERANDO QUE, ninguna de las partes es un menor ni una persona incompetente para quien se haya designado un comité, y ninguna persona que no sea parte tiene interés en el tema en cuestión respecto de las acciones legales arriba señaladas, y esta es por la presente cancelada con fundamentos, con pérdida de derecho a nuevo juicio, sin gastos para ninguna de las partes con respecto a la otra; y

CONSIDERANDO QUE, el Departamento de Corrección y Supervisión de la Comunidad, como el Departamento que tiene la supervisión de los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y sargento Johnathan Kruger, supuestos causantes de los perjuicios mencionados en el presente documento, han decidido formalizar un acuerdo con respecto a estas acciones legales en los términos y condiciones establecidos a continuación; y

CONSIDERANDO QUE, los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y sargento Johnathan Kruger no admiten ningún delito, sino que aprueban un acuerdo por conveniencia de todas las partes interesadas; y

CONSIDERANDO QUE, las partes han celebrado esta Estipulación de Conciliación y Cancelación en relación con el acuerdo respecto a estas acciones legales; y

**EN VIRTUD DE LO CUAL, POR LA PRESENTE, LAS PARTES**, los abajo firmantes, el demandante y el abogado que consta en actas para los acusados en la causa arriba señalada, acuerdan lo siguiente:

1. Que ninguna persona que no sea parte tiene interés en el tema en cuestión, las acciones legales arriba señaladas quedan resueltas mediante el pago de la suma de Nueve mil novecientos cincuenta dólares ($9,950.00) y se cancela con pérdida de derecho a nuevo juicio para todos los acusados. El pago se efectuará mediante un cheque a

2

LC

nombre del demandante y enviado por correo a su domicilio localizado en Clinton Correctional Facility, 1156 Cook Street, Dannemora, NY 12929.

2. En consideración del pago de la suma establecida en el párrafo 1, el demandante libera a los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y sargento Johnathan Kruger, a todos los empleados y exempleados del Departamento de Corrección y Supervisión de la Comunidad, a título individual y oficial, a sus herederos, albaceas, administradores y cesionarios, al estado de Nueva York y al Departamento de Corrección y Supervisión de la Comunidad, y a cualquiera de sus oficiales y cesionarios, de todos los reclamos, responsabilidades y fundamentos de acciones legales desde el comienzo del mundo hasta la ejecución de este acuerdo, incluyendo, entre otros aspectos, las circunstancias que se indican en la demanda de las acciones legales arriba señaladas (es decir, denuncias relacionadas o que surjan de cualquier presunta violación de los derechos constitucionales del demandante, y todos los demás fundamentos de las acciones legales y reclamos de responsabilidad).

3. Considerando detenidamente el pago de la suma establecida en el párrafo 1, la parte demandante por la presente renuncia pone en libertad y libera para siempre a los acusados, a todos los empleados y exempleados del Departamento de Corrección y Supervisión de la Comunidad, a título individual y oficial, a sus herederos, albaceas, administradores y cesionarios, al estado de Nueva York y al Departamento de Corrección y Supervisión de la Comunidad, y a cualquiera de sus oficiales y cesionarios, de todos los reclamos, conocidos o desconocidos, que surjan de la elegibilidad del demandante con respecto a la solicitud y obtención de los beneficios de Medicare, y/o como resultado de la prestación del pago principal (o del reembolso apropiado), incluidos los fundamentos de las acciones legales de conformidad con 42 U.S.C.

3

§1395y(b)(3)(A) de Medicare, Medicaid y la Ley de Extensión de 2007 del Programa Estatal de Seguro Médico para Niños (SCHIP, por sus siglas en inglés).

4. El pago de la suma establecida en el párrafo 1 está sujeto a las aprobaciones de todos los funcionarios públicos competentes de conformidad con las disposiciones de indemnización en virtud de la Sección 17 de la Ley de Funcionarios Públicos. El demandante se compromete a ejecutar y entregar a los abogados de los acusados todos los comprobantes necesarios o convenientes y otros documentos solicitados con respecto a dicho pago.

5. El pago de la suma a la que se hace referencia en el párrafo 1 se hará dentro de los ciento veinte (120) días después de la aprobación de esta Estipulación de Conciliación por parte del Tribunal y de la recepción por parte del abogado de los acusados de una copia de la Estipulación dispuesta, junto con cualquier documentación adicional requerida en el presente documento, a menos que las disposiciones de la Ley Ejecutiva § 632-a se apliquen al demandante y el pago en adelante constituya los "fondos de un convicto" según la Ley Hijo de Sam (Son of Sam Law), en cuyo caso, el plazo de pago de ciento veinte (120) días se ampliará por un período adicional de treinta (30) días para permitir el cumplimiento de dicha ley.

6. En el caso de que se cumplan las aprobaciones antes mencionadas en el párrafo 4 de todos los funcionarios públicos competentes, de conformidad con las disposiciones de indemnización en virtud de la Sección 17 de la Ley de Funcionarios Públicos, pero el pago no se haga dentro del período de 120 días o 150 días establecido en el presente documento, se comenzarán a devengar intereses sobre el saldo pendiente del capital en el día 121 después de la aprobación del Tribunal, o en el día número 151 después de la aprobación del tribunal si las disposiciones de la Ley Ejecutiva § 632-a se aplican al demandante.

4

7.  Cada parte asumirá sus propios costos y honorarios relacionados con el presente procedimiento, y renunciará a los costos y honorarios de una parte con respecto a la otra.

8.  Nada de lo aquí mencionado constituye una aceptación por parte de los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y el sargento Johnathan Kruger, a título individual u oficial, de que los acusados hayan privado al demandante, Luis Caban, de algún derecho, o que no hayan cumplido con algún deber en virtud de las constituciones, estatutos, normas, reglamentos u otras leyes de los Estados Unidos o del estado de Nueva York.

9.  Esta Estipulación de Conciliación y Cancelación y toda Orden incorporada al respecto no deberán sentar precedente alguno, y no se aceptarán en ninguna otra acción o procedimiento legal como evidencia ni para ningún otro propósito que no sea una acción o procedimiento que sirva para hacer cumplir esta Estipulación de Conciliación y Cancelación.

10. El demandante manifiesta y garantiza que no es un beneficiario de Medicare, que nunca ha estado afiliado a Medicare ni ha tenido un Seguro Social por Discapacidad, que no hay pagos condicionales realizados por Medicare y que él no espera ser un beneficiario de Medicare en los próximos 30 meses.

11. El demandante está de acuerdo en que los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y el sargento Johnathan Kruger, el Departamento de Corrección y Supervisión de la Comunidad, y el estado de Nueva York no serán responsables de ningún derecho de retención de ninguna naturaleza que pudiera estar vinculado a los beneficios de este acuerdo y además, que el demandante, Luis Caban, está de acuerdo en que va a defender, indemnizar y mantener indemne a los acusados oficial Gloria Barlow-Harper, oficial Terrance McCann, oficial Adam Blanar, oficial James Myers y el

LC

sargento Johnathan Kruger, al Departamento de Corrección y Supervisión de la Comunidad, y a los oficiales y empleados del estado de Nueva York sobre la cancelación de cualquiera de dichos derechos de retención.

12. Como prueba del presente acuerdo, el demandante y el abogado que suscribe para los acusados de esta acción firman a continuación.

Con fecha de: Dannemora, Nueva York
\_\_\_ de septiembre de 2016

                Luis Caban
                Demandante, *pro se*
                Clinton Correctional Facility
                1156 Cook Street
                Dannemora, New York 12929

Por: _____
      Luis Caban

Con fecha de: Dannemora, Nueva York
\_\_\_ de septiembre de 2016

                ERIC T. SCHNEIDERMAN
                Procurador General del
                 estado de Nueva York
                Defensa de los acusados
                Oficina del Procurador General del
                estado de Nueva York
                350 Main Street, Suite 300A
                Buffalo, NY 14202
                Teléfono: (716) 853-8440
                *Ryan.Belka@ag.ny.gov*

Por: _____
      Ryan L. Belka
      Asistente del Procurador General

LC

Con fecha de: Buffalo, Nueva York
\_\_\_\_ de _____ de 2016

ASÍ SE ORDENA:

_____
Hon. Leslie G. Foschio
Juez del Tribunal inferior de los Estados Unidos

Impreso [Reproducido] en papel reciclado

7